UNITED STATES DISTRIC COURT
FOR THE DISTRICT OF MARYLAND

KIRK A. FINLAY
7006 HIGHVIEW TERRACE, APT. 302
HYATTSVILLE, MD 20782

      Plaintiff,

v.                                                                                      CIVIL CASE NO:

FORTIS INSTITUTE-TOWSON
700 YORK ROAD
TOWSON, MD 21204

      Defendant.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**Nature of the Action**

1. This is an action for damages and equitable relief arising out of Fortis Institute-Towson's ("Fortis") unlawful discriminatory discharge of plaintiff Kirk A. Finlay, an African American, who, prior to being fired, held the position of dental assistant instructor. Fortis terminated Mr. Finlay after his new Caucasian supervisor became paranoid by Mr. Finlay's race and background. Further, Mr. Finlay was fired the very day after he returned to work after undergoing an appendix removal surgery. After he was fired, Mr. Finlay filed a formal complaint with the Equal Employment Opportunity Commission (EEOC), which issued Notice of Right to Sue letter thereafter. *See* Exhibit A.

2. To address this discriminatory conduct by Fortis, by and through its executives and managers, Mr. Finlay brings claims under Title VII of the Civil Rights

Act of 1964, as amended 42 U.S.C. § 2000e et. seq., and The Civil Rights Act of 1866, as amended by The Civil Rights Act of 1991, 42 U.S.C. § 1981 et. seq., the Family and Medical Leave Act and the Americans with Disability Act, 42 U.S.C. § 12188(a) and seeks damages.

## Parties

3. Plaintiff Mr. Kirk Finlay is a Maryland citizen, residing at 7006 Highview Terrace, Apt 302, Hyattsville, Maryland 20782. Mr. Finlay is African-American.

4. Fortis-Institute Towson is a private institution located at 700 York Road, Towson, Maryland 21204.

## Jurisdiction and Venue

5. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331 (federal question), based on the following federal laws: Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et. seq., and The Civil Rights Act of 1866, as amended by The Civil Rights Act of 1991, 42 U.S.C. § 1981 et. seq., the Family and Medical Leave Act and the Americans with Disability Act, 42 U.S.C. § 12188(a).

6. Venue is proper as all of the acts complained of herein occurred in the City of Towson, Maryland.

7. Within one hundred eighty (180) days of the last alleged unlawful acts against him, Mr. Finlay filed a Complaint of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), alleging that he had been subjected to race discrimination.

8.   The EEOC conducted an investigation of Mr. Finlay's Charges. On or about January 22, 2015, the EEOC closed its file and issued Plaintiff a notice to sue letter. Plaintiff filed the instant action within the than ninety (90) day time period after receiving the Notice to Sue letter. Plaintiff has exhausted his administrative remedies.

**Statement of Facts**

9.   Mr. Finlay began working for Fortis on or about November, 2012. At that time, he was hired as a part-time instructor. Mr. Finlay excelled in that role and was thereafter given additional responsibilities by Fortis. Mr. Finlay became a full-time employee and started conducting student orientations. Eventually, Mr. Finlay was literally given the "keys to the building," having the responsibility to close the labs and the school building at nighttime.

10.   At all times relevant herein, Plaintiff performed his duties in an exemplary manner. Plaintiff was never disciplined or subject to complaints about the quality of his performance on the job.

11.   On or about February, 2015, Fortis hired a new Director of Education, Mr. Mark McGinnis, a Caucasian. Almost immediately, Mr. McGinnis began exhibiting signs of distrust with regard to Mr. Finlay.

12.   Whereas Mr. Finlay's prior supervisor had entrusted Mr. Finlay with the "keys to the building," Mr. McGinnis would follow Mr. Finlay around the labs and the school as he went through the process of closing down the building. Mr. Finlay felt uncomfortable with Mr. McGinnis trailing him with a suspicious eye, but nevertheless remained respectful to McGinnis because he was Mr. Finlay's superior.

13. On one night, while following Mr. Finlay around the building as he closed up, Mr. McGinnis began talking about his experiences in Boston. He stated that on one occasion, he got out on the wrong bus stop, ending up in the "wrong neighborhood," (implying it was an undesirable neighborhood) and later elaborated that it was a "black neighborhood." Mr. McGinnis told Mr. Finlay about a man who yelled at him from across the street, "Do you know what neighborhood you're in?" Mr. Finlay felt further uncomfortable by Mr. McGinnis, and especially in the context of Mr. McGinnis's distrustful shadowing of Mr. Finlay when he closed the building.

14. On or about March 25, 2014, Mr. Finlay began feeling sharp pain in his abdomen and felt very sick. Mr. Finlay's pain worsened throughout the day – to the point where he decided to check in at a hospital. He was scheduled to work at Fortis from 6 p.m. to 10:30 p.m. on that night. Although suffering immense pain at the hospital, Mr. Finlay notified his supervisor, Melissa Willet, that he may not be able to come to work because he was not sure how long he would be in the hospital.

15. Later that day, Mr. Finlay was informed by doctors that he had appendicitis, and that surgery would be performed at 9 p.m. that night. Mr. Finlay again called Ms. Willet to inform her that he would not be able to work that night because of the scheduled surgery.

16. Mr. Finlay's surgery went well. However, his doctors forbade him from driving for several days because of the operation (specifically, the stitches from the incision). Mr. Finlay informed Ms. Willet that due to the doctor's restrictions on him driving (and general admonition that he rest), he could not work on either March 26, 2014 or March 27, 2014.

17. On March 31, 2014, Mr. Finlay arranged for a friend to transport him to and from Fortis. He reported to work as scheduled. However, the Campus President, Sean London asked to meet with him. During that meeting, Mr. London told Mr. Finlay that he would be terminated from his position. One of the reasons Mr. London cited was that he "didn't know how long [Mr. Finlay] [was] going to be out for" (with respect to the surgery). Mr. London further stated that having spoken to Mr. McGinnis, he had learned that Mr. Finlay was going to leave anyway (he was not).

18. Mr. Finlay timely filed a charge for discrimination with the EEOC. During that hearing, Mr. Finlay demonstrated that Fortis' proffered reason for terminating him (i.e. that he had permitted his Certified Dental Assistant ("CDA") license to lapse) was pretextual – nothing could be more dispositive on the issue than the fact that the person hired to replace Mr. Finlay, a Caucausian woman – had a lapsed CDA license at the time she was hired.

**FIRST CLAIM FOR RELIEF (42 U.S.C. § 1981 DISCRIMINATION BASED ON RACE)**

19. The allegations of each of the foregoing paragraphs are hereby incorporated by reference.

20. The discrimination against Mr. Finlay, including race discrimination with regard to termination and other terms and conditions of employment, including Mr. McGinnis's detailed oversight of Mr. Finlay's key-locking responsibilities, the creation of a racially hostile environment and intentional discrimination, must be redressed.

21. For the conduct set forth above at paragraphs 1 - 18, Mr. Finlay seeks back pay, front pay in lieu of reinstatement, compensatory and punitive damages, payment of

attorneys' fees and costs, and all other relief that the Court may deem just and proper against Defendant.

### SECOND CLAIM FOR RELIEF (DAMAGES UNDER TITLE VII - RACE DISCRIMINATON AND HOSTILE ENVIRONMENT)

22. The allegations of each of the foregoing paragraphs are hereby incorporated by reference.

23. Mr. Finlay seeks back pay, front pay in lieu of reinstatement, compensatory and punitive damages, and payment of attorneys' fees and costs to redress the illegal and discriminatory conduct of Defendant pursuant to Title VII of the Civil Rights Act of 1964.

24. The determination of the amount of the award for damages requires discovery herein.

### THIRD CLAIM FOR RELIEF (VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1866, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991, DISCRIMINATORY DISCHARGE BASED ON RACE)

25. The allegations of each of the foregoing paragraphs are hereby incorporated by reference.

26. Fortis, with Mr. McGinnis and Mr. London, violated The Civil Rights Act of 1866, as amended by The Civil Rights Act of 1991, 42 U.S.C. § 1981et seq., by terminating Mr. Finlay on account of his race. In so doing, the defendants acted with malice or reckless indifference to Mr. Finlay's federally protected rights.

27. In taking these actions, defendant McGinnis and London acted as agents of Fortis and within the scope of his employment.

### FOURTH CLAIM FOR RELIEF (VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1866, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991, HOSTILE WORK ENVIRONMENT BASED ON RACE)

28.     The allegations of each of the foregoing paragraphs are hereby incorporated by reference.

29.     Fortis, with Mr. McGinnis, violated The Civil Rights Act of 1866, as amended by The Civil Rights Act of 1991, 42 U.S.C. § 1981et seq., by subjecting Mr. Finlay to a racially hostile work environment on account of his race. In so doing, the defendants acted with malice or reckless indifference to Mr. Finlay's federally protected rights.

30.     In taking these actions, defendant McGinnis acted as agents of Fortis and within the scope of his employment.

**FIFTH CLAIM FOR RELIEF (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

31.     The allegations of each of the foregoing paragraphs are hereby incorporated by reference.

32.     Mr. Finlay was a qualified person with a disability defined under the Americans with Disabilities Act "ADA"

33.     Defendant Fortis is an entity covered by the ADA yet discriminated against Plaintiff and terminated him on the very first day he reported to work after undergoing surgery, without providing any advance warning of a forthcoming termination.

**SIXTH CLAIM FOR RELIEF (VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT)**

34.     The allegations of each of the foregoing paragraphs are hereby incorporated by reference.

35. Defendants' actions constitute interference with Plaintiff's substantive rights under FMLA.

36. An employer is prohibited from discriminating or retaliating against employees who have used FMLA leave, or otherwise exercised their rights under the FMLA.

37. Defendant's termination of Plaintiff in violation of the FMLA resulted in a loss of income, benefits, and other damages.

38. The foregoing acts are a willful violation of the Family and Medical Leave Act of 1993, and entitle the Plaintiff to recover damages, including liquidated damages, as provided at 29 U.S.C. § 2617.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

a) a declaration that defendants' actions deprived Mr. Finlay of his federally protected rights;

b) back pay in an amount to be proved at trial;

c) front pay in an amount to be proved at trial;

d) compensatory damages for emotional distress, humiliation, embarrassment, harm to his career, loss of income, and mental anguish in an amount to be proved at trial;

e) punitive damages in an amount to be proved at trial;

f) costs and expenses of this action, including, but not limited to, reasonable attorneys' fees and litigation costs; and

g) such other relief as the Court finds necessary and appropriate.

**Request for Jury Trial**

Plaintiff requests a trial by jury on all matters properly tried to a jury.

                                                                                                   Respectfully submitted,

Dated:  April 27, 2015

                                                                                               _/s/  Nishith Patel_____
                                                                                               Nishith Patel
                                                                                              Bar ID. 24695
                                                                                              Patel Law
                                                                                              1 Research Court, Suite 450
                                                                                              Rockville, MD 20850
                                                                                              npatel@patellawgroup.com